## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 08-04 (DWF/SRN) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Jeffrey A. Siewert, | |
| Defendant. | |

___

James E. Lackner and David J. MacLaughlin, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Howard I. Bass, Esq., Bass Law Firm PLLC, counsel for Defendant.

___

This matter is before the Court upon the United States' Motion for Reconsideration of this Court's Order Vacating Report and Recommendation dated July 29, 2008. The Court has considered the motion and hereby makes the following:

**ORDER**

1. The United States' Motion for Reconsideration of Order Vacating Report and Recommendation (Doc. No. 67) is **DENIED**.

Dated: August 1, 2008          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

**MEMORANDUM**

In its Order, the Court vacated the Report and Recommendation issued by Magistrate Judge Susan Richard Nelson dated June 11, 2008, which resulted from a *Kastigar* hearing held in this case in which government agents testified regarding their investigation of the Defendant, Jeffrey A. Siewert ("Defendant").  *See Kastigar v. U.S.*, 406 U.S. 441 (1972).  This Court determined that the *de novo* standard of review under 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b), required that a new hearing be held so that this Court could judge the credibility of the government's witnesses for itself.  The United States now asks this Court to reconsider its decision.

The United States makes several arguments in support of its motion.  First, the United States notes that although this Court may order a rehearing, it is not required to do so.  Second, the United States asserts that the record in this case is sufficient for the Court to conduct a *de novo* review and that the evidence produced at the hearing supports the Magistrate Judge's decision.  Third, the United States contends that preparing for and conducting the *Kastigar* hearing before Magistrate Judge Nelson was an onerous undertaking and that this Court should not require the government to go through this "strenuous task" again.  (Doc. No. 67 at 6.)

The Court is aware that it is not required to conduct a new *Kastigar* hearing, even though witness credibility is at the core of this case, and that ordering a new hearing on an issue previously presented to a magistrate judge is a rare event.  The Court also

recognizes that the testimony of the government's witnesses supported the Magistrate Judge's decision in the Report and Recommendation.

Notwithstanding that, a fair reading of the Report and Recommendation suggests that the Magistrate Judge's decision in this case was a close call.  Given that the United States bears the "heavy burden" to prove affirmatively that the evidence against the Defendant was derived from a legitimate, wholly independent source apart from the Defendant's immunized statements, *Kastigar*, 406 U.S. at 460-461, the Court has determined that the interests of justice require a rehearing before this Court.

The Court is not unsympathetic to the United States's assertion regarding the onerous nature of a *Kastigar* hearing and its desire to avoid the commitment of resources that a rehearing requires.  The issues presented in such a hearing, however, are of constitutional significance and therefore of an importance that outweighs the burden placed upon the United States.  The Court is hopeful that the United States's experience in the previous *Kastigar* hearing in this case, and resulting familiarity with the evidence to be provided to this Court, will allow it to present its case efficiently and expeditiously and mitigate this burden.

D.W.F.